MEAD et al. v. DARLING et al.

(Circuit Court of Appeals, Second Circuit. January 31, 1907.)

No. 129.

TRUSTS—FRAUDULENT FORECLOSURE SALE—QUESTIONS FOR JURY.
  Where property of a testator, sold under a decree of foreclosure by an officer of the court at public auction, after due advertisement, was purchased by the wife of one of the trustees under the will, and the sale cut off life interests of the mother and brother of the purchaser in the property, and also the interests of her own minor children as remaindermen, but there was no evidence that the foreclosure proceedings were collusive, and no further evidence tending to impeach the validity of the sale, except the fact that the purchaser shortly afterward conveyed the property for an expressed consideration four times as great as the sum she paid for it, the question whether the sale was void for fraud was properly submitted to the jury, in an action brought by the remaindermen to recover the property.

In Error to the Circuit Court of the United States for the Southern District of New York.

J. J. Allen and Charles A. Decker, for plaintiffs in error.

Arthur M. Johnson and Isaac N. Mills, for defendant in error Darling.

Chas. P. Northrop, John M. Bowers, Arthur G. Hays, and Bowers & Sands, for defendant in error trust company.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge. This is an action of ejectment, and involves the title to the premises known as No. 1128 Broadway and No. 208 Fifth avenue in the city of New York; the plaintiffs claiming title as a devisee of an estate in remainder under the will of States M. Mead, and the defendants through mesne conveyances from the purchaser at the foreclosure sale of a mortgage existing upon the premises at the time of the testator's death. Some·of the considerations applicable to the case are stated in the opinion of the court in Mead v. Chesbrough Building Company, 151 Fed. 998; but in this case, unlike that, there was no evidence tending to show a conspiracy between the trustees to effect a sale of the trust estate, in violation of their duty under the will of States M. Mead.

The purchase in this case was made at a judicial sale by a purchaser who was under no fiduciary duty to the remaindermen. It is true she was the wife of one of the trustees named in the will of the testator, and the mother of some of the infant remaindermen. Shortly after the purchases she conveyed the premises by a deed reciting a consideration four times larger than the amount of her bid at the foreclosure sale. We are asked to decide that there was no evidence from which a jury could have found that she did not purchase the premises for the purpose of defrauding her children and other parties having legal or equitable estates, although there was no evidence that the foreclosure proceedings were collusive, and none, other than the assumed inadequate bid at the sale, to indicate that the sale was not fairly conducted. The sale was made by an officer of the court, at public auction, after due advertisement, and she was the highest bidder at the sale. The sale cut off an equitable lien in favor of her mother, securing her $1,750 annually during her life, a trust estate of her own brother for life in a moiety of the premises, the rights of his children as remaindermen in a moiety of the premises, as well as the interests of her own children as remaindermen. Her brother was made a party to the foreclosure suit, as well as the remaindermen and all other persons having any rights or interests in the mortgaged premises, and the infants appeared therein by guardians ad litem and submitted their interests to the protection of the court. The premises have been in the possession of purchasers deriving title from her from 1865 until 1903, when the present action was brought. If there was a question of fact for a jury, the ruling of the trial judge was correct. We think there was such a question, and that, in view of our decision in the Chesbrough Company Case, any detailed statement of the facts or further discussion of the legal questions involved would serve no useful purpose.

The judgment is therefore affirmed.